UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MICHAEL STERK, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Cause No.: 3:14-CV-1525 |
| ZIMMER, INC., | ) |
| Defendant | ) |

## MEMORANDUM OF OPINION AND ORDER

This matter is before the court on the motion to dismiss (and memorandum in support) filed by Defendant Zimmer, Inc., on July 15, 2014 (docket at 10). Plaintiff Michael Sterk filed a response in opposition to the motion on July 29 (docket at 14) and Zimmer filed a reply on August 5 (docket at 15). For the reasons discussed below, the motion to dismiss is DENIED.

## FACTUAL BACKGROUND

Michael Sterk was employed at Zimmer, Inc., beginning in 2006 and was terminated from his job on September 5, 2013. Complaint, docket at 1, p. 2. Sterk alleges in his complaint that he was fired in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 626 *et seq*. and in violation of Indiana common law for having complained to his superiors about the alleged use of noncomforming or comingled parts in Zimmer's manufacturing process.[1] Complaint, pp. 2-3. Zimmer argues in its motion to dismiss that Count II of Sterk's complaint, in which he claims his termination

---

[1] Zimmer manufactures orthopedic products, such as hip, shoulder, and ankle replacement products, among others.

was due to his complaints about nonconforming or comingled parts being used in the manufacturing process, fails to state a claim upon which relief can be granted and requests that the court dismiss Count II pursuant to Fed.R.Civ.P. 12(b)(6). Sterk's age discrimination claim is not at issue in the motion.

## DISCUSSION

"Indiana follows the doctrine of employment at will, under which employment may be terminated by either party at will, with or without reason." *Wior v. Anchor Indus., Inc.,* 669 N.E.2d 172, 175 (Ind.1996). This means that an employer can choose to terminate an employee at any time for any reason, good or bad, or no reason at all, so long as the reason does not rest on illegal ground, such as race, gender, religious beliefs, age, national origin, etc. *Orr v. Westminister Vill. N., Inc.*, 689 N.E.2d 712, 717 (Ind. 1977). "The employment-at will doctrine has steadfastly been recognized and enforced as the public policy of this State," *Morgan Drive Away, Inc. v. Brant*, 489 N.E.2d 933, 934 (Ind. 1986), and is "deeply rooted in Indiana jurisprudence." *Jarboe v. Landmark Cmty. Newspapers of Ind., Inc.*, 644 N.E.2d 118, 121 (Ind. 1994).

However, there are exceptions to the employment-at-will doctrine. "The Indiana Supreme Court has recognized only three ways to avoid or rebut the presumption of at-will employment, or stated another way, three exceptions to the employment-at-will doctrine. The three exceptions to Indiana's employment at will doctrine are: (1) adequate independent consideration; (2) promissory estoppel; and (3) contravention of public policy." *Orr*, 689 N.E.2d at 718. The public policy exception is the exception that is at issue in the present case. "Indiana courts have developed two ways for a plaintiff to fit within the public policy exception and thus have a colorable wrongful discharge claim.

First, an at-will employee may bring a claim if he is discharged for filing a worker's compensation claim." *Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425, 427-28 (Ind. 1973). Plaintiff does not claim that his termination was a result of a worker's compensation claim, and therefore, this is not an issue in the present case.

The second way an at-will employee may bring a claim is if his discharge is in retaliation for refusing to violate a legal obligation that would result in penal consequences, exercising a statutorily conferred personal right, or fulfilling a statutorily imposed duty. *Meyers v. Meyers*, 861 N.E.2d 704, 707 (Ind. 2007). If Plaintiff can prove that he was refusing to commit an illegal act that would result in penal consequences or that he was exercising a statutorily conferred personal right or fulfilling a statutorily imposed duty, and that doing so resulted in his termination, he would have a valid claim under the public policy exception to the employment-at-will doctrine. *McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 390, 392-93 (Ind. 1988).

The most similar Indiana case to the case before the court is that of *Campbell v. Eli Lilly & Co.*, 413 N.E. 2d 1054 (Ind. Ct. App. 1980). In *Campbell,* an employee was allegedly terminated by his employer for reporting that the employer was not conforming to quality and safety standards in the production of pharmaceuticals. In *Campbell*, the court found that the plaintiff "nowhere demonstrated a statutory source for the alleged right he claims to have exercised, nor has he demonstrated a statutory source for the duty he claims to have fulfilled. We do not recognize the general public policy exception urged by Campbell to the venerable at will employment doctrine we reconfirm today." *Id* at 1061.

In Count II of Plaintiff's complaint, he argues that his alleged wrongful discharge falls under the public policy exception of Indiana's employment-at-will doctrine. Plaintiff claims that he fulfilled his duty to report Defendant's use of commingled parts, as Defendant's use of such parts allegedly does not comply with company policy and certain laws. (Complaint, p.3). Defendant believes that Plaintiff's complaint does not provide specific statutory reliance to support Plaintiff's claims. It should be noted "[s]ince *Frampton,* however, Indiana courts have refused to recognize retaliatory discharge actions in cases not involving workmen's compensation claims." *Morgan Drive Away, Inc.*, 489 N.E.2d at 934. This reinforces the very limited and narrow scope of the public policy exception. While not specifically enumerated in the complaint, the Plaintiff's response to Defendant's motion to dismiss Count II points to the Defendant's standard operating manual, which outlines operating standards that all employees are required to follow, and which "requires all personnel to report suspected compliance issues related to Zimmer's operations to their manager or the Compliance Office." Further, the SOP's stated purpose is:

> . . . to provide overview of the processes and standards that govern internal investigations and management of allegations on non-compliance, to be conducted in accordance with the applicable Zimmer Corporate Compliance Policies and Procedures as well as applicable national, state and local laws and regulations.

Plaintiff's Response, pp. 3-4.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct.

99, 2 L.Ed.2d 80 (1957)). In order to survive a motion to dismiss under Rule 12(b)(6), "[a] complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Motion to Dismiss, p.2, (citing *Saunders v. Wesleyan Healthcare Ops. Co., LLC*, 2011 WL 5386634 at *1 (N.D. Ind. Nov. 7, 2011)) (in turn citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (2007)). In the present case, Plaintiff's complaint does not specifically enumerate Defendant's standard operating procedures as the statutory foundation for his duty, but does refer to "company policy and the law". Clearly, however, Defendant requires employee conformity to the standard operating procedures because of the SOP's stated basis in local, state and national laws. If the Defendant claims the procedures are statutorily based, then it is reasonable for the Plaintiff to claim a statutory basis for his actions (and his claim).

The "company policy" referenced in the Plaintiff's complaint implies that there are "applicable national, state and local laws and regulations" that impose a duty to report nonconforming parts. The Plaintiff and this court are not aware of which national, state and local laws and regulations are applicable to the Plaintiff in this case. However, as Plaintiff argues in his response, "[t]he Plaintiff in this instance would have no way of knowing what statutes Zimmer had in mind when it drafted its standard operating procedures, but surely the Defendant does." Plaintiff's Response, p. 4. Accordingly, there very well may be a law or regulation that requires an individual to report an incident like this and therefore it is plausible that the Plaintiff falls into the public policy exception of the at will employment law and states a claim that could be entitled to relief. The discovery process is designed to flesh out issues such as this and, of course, Defendant

5

may file a motion for summary judgment if Plaintiff cannot procure evidence to support Count II.

Accordingly, as Count II of the Complaint states a valid claim for relief, Defendant's motion to dismiss will be denied.

## CONCLUSION

For the reasons discussed in this Order, the motion to dismiss filed by Defendant Zimmer, Inc., is DENIED.


ENTERED: September 12, 2014.

s/William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana